BARNETTE, Judge.
This is a suit in redhibition brought by Dr. Richard A. Faust as the purchaser *374 of a steam bath unit which he had installed in his home. The defendants are the electrical contractor who installed the unit and from whom the plaintiff alleged he purchased the unit and the local distributor from whom plaintiff alleged the electrical contractor had purchased it. The manufacturer of the unit, a foreign corporation, was made defendant on an allegation of breach of warranty. Service was made on this defendant through' the Secretary of State. Plaintiff’s demands against the electrical contractor and local distributor were rejected and his suit dismissed as to them. Judgment was granted plaintiff as prayed against the manufacturer who made no appearance in the case. The third party petition of the electrical contractor against the local distributor and its third party petition against the manufacturer were dismissed.
The plaintiff has appealed from the judgment insofar as it dismissed his suit in redhibition against the electrical contractor and the local distributor of the unit. There was no appeal by the third party plaintiffs and neither has answered the appeal.
Dr. Richard A. Faust engaged Charles Rowe, a general contractor, to make alterations and do substantial renovations to his home in the City of New Orleans. The electrical contractor, A. F. Authement, Jr., upon request of the general contractor purchased from Pelican Plumbing Supply, Inc., on June 17, 1966, a Thermasol electronic steam bath unit manufactured by Thermasol, Ltd., a New York concern, for installation in plaintiff’s home as per plaintiff’s specifications.
The unit was installed in August, 1966, for which Dr. Faust paid Authement $508. After about two months of use the unit ceased to function. Dr. Faust notified Pelican of the failure of the unit and, after plumbing and electrical inspections by the plumber who made the initial plumbing connection, and by Authement, the unit was removed and a new unit installed in its place. This new unit functioned satisfactorily for about two months and then broke down in the same manner as the first unit. This second unit was removed and the first unit, which in the meantime had been reconditioned at the factory in New York, was reinstalled. After about two months of use it again failed in the same manner as on the two previous occasions. By this time a total of approximately eight months had elapsed from the initial installation in August, 1966.
At this point Clayton E. Kruse, an employee of Pelican, explained the cause of the malfunction of the units to Dr. Faust and recommended corrective procedures. The cause was an accumulation of calcium deposits resulting from chemical treatment of New Orleans city water. One recommended procedure was the injection of a chemical solution to dissolve and prevent the accumulation of deposits. The other procedure involved the installation of a water treatment apparatus. Kruse testified that Dr. Faust elected to inject the chemical solution as directed at two or three week intervals, though he was displeased with the inconvenience and annoyance involved.
By following this chemical injection procedure the unit was kept functioning and was still in use at the time of trial below. We must agree with Dr. Faust that its use under these conditions was troublesome and did not meet the standard of service which he had a right to expect from the unit.
Dr. Faust wrote several letters to the manufacturer in New York expressing his dissatisfaction with the unit and asking for an extension of the one-year guarantee. This was refused by Thermasol. He testified that he would have continued to use the unit in spite of his dissatisfaction if the guarantee had been extended. He also testified that he “might have bought the unit” even if he had known the necessity of chemical injections, if the injection procedure was less complicated.
This suit filed July 18, 1967, seeks rescission of the sale and return of the purchase *375 price of $508 plus $32.75 for expenses incurred. The action, insofar as it is directed against Authement (the electrical contractor) ,and Pelican Plumbing Supply, Inc. (the local distributor), is in redhibition. The suit, as it is against Thermasol, Ltd. (the manufacturer), is based on an alleged breach of warranty.
In addition to the issue of vices or defects in the thing sold, such as to justify the action in redhibition, we have the question of privity between the parties, i. e., from whom did Dr. Faust purchase the unit ? We must determine if he bought it from Authement or Pelican. If from Pelican, who sold- it on June 17, 1966, we then have the issue of prescription which has been pleaded in this court. If we determine that the unit was bought by plaintiff from Authement in August, 1966, and the redhibitory action is valid against him, we must then consider Authement’s third party petition against Pelican from whom he purchased the unit June 17, 1966.
During the course of the trial below the trial judge, by his comments on certain testimony, raised the question of agency between Dr. Faust and Authement and indicated his opinion that the purchase of the unit by Authement on June 17, 1966, from Pelican was in his capacity as agent for Dr. Faust because he was “told to buy it [the Thermasol unit]” for installation in Dr. Faust’s home. This, however, does not seem to have been the basis for his judgment, but rather it seems to be his opinion that Dr. Faust had purchased the unit, not upon the representations of Authement or Pelican but upon the recommendation of a personal friend who was an agent for Thermasol in Arkansas. On this premise, Authement and Pelican were held not responsible. The issue of agency has been reurged in this court.
If Authement bought the unit on June 17, 1966, as agent for Dr. Faust, then, it is contended, prescription began to run against Dr. Faust on that date in favor of the vendor, Pelican, and the exception of prescription filed by Pelican would have to be ruled on. But we are of the opinion that the purchase from Pelican by Authement on June 17, 1966, was not in an agency capacity and that Authement thereafter sold the unit to Dr. Faust in August, 1966.
In his petition, plaintiff alleged:
“On August 22, 1966, petitioner purchased a steam bath unit (hereinafter called unit) manufactured by Thermasol, Ltd., from A. F. Authement, Jr., for the sum of $508.00. Said unit was purchased by A. F. Authement, Jr. from Pelican Plumbing Supply, Inc., and installed in petitioner’s home by A. F. Authement, Jr.”
This allegation was categorically admitted in answer by defendant Authement. In further answer Authement affirmatively pleaded :
“That, he was given specifications prepared for Dr. Faust, owner and plaintiff, by others calling for the purchase and installation of a thermasol steam-bath unit. That following receipt of these specifications, he purchased the unit from Pelican Plumbing Supply, Inc., made the electrical connections required for the unit and installed it in accordance with plans and specifications.”
He then alleged as third party plaintiff against Pelican:
“That, defendant, A. F. Authement, Jr., now Third Party Plaintiff, purchased the steambath unit manufactured by Thermasol, Ltd., from Pelican Plumbing Supply, Inc.”
The defendant Authement is bound by the foregoing judicial confessions and pleadings and cannot now be heard to assert that he acted as agent for Dr. Faust. LSA-C.C. art. 2291. In further support of this conclusion, we have the corroborating testimony of defendant Authement himself that the Thermasol unit was bought by him from Pelican at the request or direction of the general contractor, Charles *376 Rowe, and that prior thereto he had no discussion with Dr. Faust concerning the purchase or installation of a Thermasol unit.
The unit was invoiced to Authement and he paid Pelican. He in turn billed the general contractor, including a profit on the resale of the unit, and received payment therefor directly from Dr. Faust. We therefore hold that the unit was purchased by Dr. Faust from defendant Authement, August 22, 1966.
For the foregoing reason we must hold that there was no privity between Dr. Faust and Pelican Plumbing Supply, Inc., and Pelican’s exception of no cause or right of action which was referred to the merits should be maintained and plaintiff’s suit against defendant Pelican dismissed.
We have stated above that the Thermasol unit did not function in the manner which plaintiff had a right to expect. The fact that it would not function longer than two months at a time as a result of mineral deposits caused by the use of New Orleans city water without the troublesome and inconvenient injection, of counteracting chemical agents or the installation of additional equipment, constitutes a vice or defect in the thing sold entitling the purchaser to appropriate relief. LSA-C.C. arts. 2520, 2541, 2543.
We have pointed out that Dr. Faust continued to use the unit, notwithstanding the inconvenience of periodically climbing, by means of a ladder, to remove certain valves to inject the chemicals required to keep the unit functioning. Furthermore, he testified that he might have bought the unit anyway if this procedure had been less complicated. These facts, together with the circumstance that there was no tender of return of the unit, relegates plaintiff to the remedy provided by LSA-C.C. arts. 2541 and 2543 and at most he can claim only a reduction of the price from his vendor.
The only testimony in the record upon which we might determine the quantum of reduction is too scant and inconclusive to support a fair judgment. Kruse testified that the defect could be corrected by the installation of a water treatment device which would cost “around $38.00 plus whatever the plumber would charge him to cut the line and put it in.” We have no alternative and must remand the case for further proceedings to determine the quantum of reduction of price. When that is determined, the plaintiff should have judgment against the defendant Authement accordingly.
Turning now to the third party petition of defendant Authement against the third party defendant Pelican, we find ourselves without appellate jurisdiction for the simple reason that the judgment rejecting Authement’s third party demands and dismissing his petition was not appealed and is now final.
The judgment in favor of plaintiff against the defendant Thermasol, Ltd., having not been appealed is also final and will not be considered by us.
For the foregoing reasons, the judgment insofar as it is appealed is annulled and set aside to the extent only that it is in favor of the defendant, A. F. Authement, Jr., dismissing plaintiff’s suit as to him, and in all other respects, as appealed, the same is affirmed.
It is now ordered, adjudged and decreed that the case be remanded for further trial limited to the determination of the quantum of reduction of price and that judgment be rendered accordingly and consistent with the views herein expressed.
Cost of this appeal shall be paid by the defendant-appellee A. F. Authement, Jr. All other costs shall be assessed at conclusion of the trial on remand according to law.
Judgment annulled in part; affirmed in part and remanded.